IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Bertley Coe, Jr., | ) |
|       Plaintiff, | ) Civil Action No.: 2:16-cv-03118-TLW |
| v. | ) |
| | ) **ORDER** |
| Nancy A. Berryhill, Acting Commissioner of Social Security, | ) |
|       Defendant. | ) |

The Plaintiff, Bertley Coe, Jr. ("Plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Defendant, Nancy A. Berryhill, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). ECF No. 9-2. This matter is before the Court for review of the Report and Recommendation ("the Report") filed on January 12, 2018 by the United States Magistrate Judge, to whom this case had previously been assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) DSC. ECF No. 18. In the Report, the Magistrate Judge recommends affirming the Commissioner's decision to deny benefits. Plaintiff filed objections to the Report on February 2, 2018. (ECF No. 22.) The Commissioner filed a reply to the objections on February 9, 2018. (ECF No. 24.) The matter is now ripe for disposition.

The Court is charged with conducting a <u>de novo</u> review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

1

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. In determining whether to uphold the Commissioner's decision to deny benefits, the Court must determine whether the factual findings underpinning the Commissioner's decision were "supported by substantial evidence and were reached through application of the correct legal standard." Meyer v. Astrue, 662 F.3d 700, 704 (4th Cir. 2011).

It is evident from the detailed analysis in the Report that the Magistrate Judge thoroughly reviewed the record in making her recommendation. The Magistrate Judge also outlined the facts and the applicable law in detail. The issues are well-analyzed.

Plaintiff argues in his objections that the ALJ did not explicitly analyze whether plaintiff met the requirements of listing 12.05 and that listing 12.05 was not even mentioned in the Administrative Law Judge's decision. See ECF No. 22. As a result, Plaintiff objects that the ALJ's decision to deny benefits is not supported by substantial evidence because the ALJ Report was not specific as to why Plaintiff does not meet a listed impairment. See ECF No. 9-2 at 15.

The Magistrate Judge states in the Report that it would have been better had the ALJ explicitly analyzed listing 12.05. ECF No. 18. Further, in the cases cited by the Report and the

Plaintiff's objections the ALJ did perform a listing 12.05 analysis. See Henderson v. Colvin, 643 F. App'x 273 (4th Cir. 2016); See also Hancock v. Astrue, 667 F.3d 470 (4th Cir. 2012). These cases address only whether the ALJ properly evaluated the evidence in support of its listed impairment decision. Case law has not been cited in which the ALJ failed to perform a 12.05 listing impairment analysis. Thus, the cited cases do not provide guidance as to when an ALJ is required to perform a listed impairment analysis. Again, however, in those cases, the ALJ did work through the applicable listing.

Although it is a close question, as noted by the Magistrate Judge, after careful consideration and in light of Plaintiff's specific objection to the Report, this Court finds that the better approach is for this case to be remanded so that the ALJ can make a determination as to (i) whether listing 12.05 applies to Plaintiff's claim, and then, if so, (ii) conduct a listing 12.05 analysis. The Court has carefully reviewed relevant case law, the Report, the objections thereto, and all other relevant filings. The Court notes the significant legal and factual analysis by the Magistrate Judge in the detailed Report and the closeness of this question. This Court concludes, in light of the objections, it is appropriate to require additional analysis by the ALJ so that a conclusion can be reached regarding whether substantial evidence supports the decision of the ALJ. For these reasons, the Court chooses not to adopt the Report, specifically as to whether the ALJ supported his determination that Plaintiff does not meet any listed impairment. ECF No. 9-2. For the reasons stated in the Plaintiff's objections and those stated herein, the Commissioner's decision is hereby **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g), and this case is **REMANDED** to the Commissioner for further proceedings consistent with this Order.

**IT IS SO ORDERED**.

s/ *Terry L. Wooten*  
TERRY L. WOOTEN  
Chief United States District Judge

March 23, 2018
Columbia, South Carolina